UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MITCHELL,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HUDSON COUNTY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 24-159 (JXN)(JRA)<br><br>**OPINION** |

**NEALS**, District Judge

　　Before the Court is *pro se* Plaintiff Anthony Mitchell's ("Plaintiff") civil rights Complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 5). The Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

　　The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Complaint is proceeded in part and dismissed in part.

**I.　BACKGROUND**[1]

　　On or about January 5, 2024, Plaintiff, an inmate confined in Hudson County Correctional Center ("HCCC") in Kearny, New Jersey, filed his Complaint in this matter seeking to raise claims

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

against (1) C/O Price ("Price"), (2) C/O Daniels ("Daniels"), and (3) Sgt. Brown ("Brown").[2] (ECF No. 1.) The Court construes the Complaint as raising Section 1983 claims for (1) Eighth Amendment excessive force, (2) Eighth Amendment failure to intervene, and (3) First Amendment free exercise of religion.

According to the Complaint, on December 8, 2023, Plaintiff was discriminated against and locked in his cell indefinitely after refusing a COVID-19 test. (ECF No. 1 at 5.) On December 11, 2023, Defendant Brown instructed Plaintiff to sit down on a chair in his cell "for no reason," and Plaintiff "non-violently refus[ed] [that] direct order of oppression and aggression." (*Id.*) The Complaint alleges that Defendant Price then assaulted Plaintiff with pepper spray. (*Id.*) Plaintiff alleges that Sergeant Brown's order that Plaintiff sit down was a "spiteful act of seeking to control" him, which is a violation of Plaintiff's Free Masonry religion and his freedom of speech. (*Id.*) It appears Plaintiff is alleging that his refusal to sit down when instructed to do so resulted in cell confinement, loss of commissary, and loss of visitation for a period of time. (*Id.*) Plaintiff seeks monetary compensation.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seek redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

---

[2] In the caption of the Complaint, Plaintiff names Hudson County Department of Corrections ("DOC") as a defendant. However, Plaintiff fails to raise any allegations against the DOC within the body of the Complaint. Therefore, the Court does not construe the Complaint as raising a claim against the DOC. The Court notes that if Plaintiff is attempting to raise a claim against DOC, that claim would be dismissed because a jail is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983").

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 because Defendants violated his Eighth and First Amendment rights. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen

3

>of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish (1) that one of his rights secured by the Constitution or laws of the United States was violated and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants Price, Daniels, and Brown.

**A. Failure to State a Claim**

**1.** *Eighth Amendment Excessive Force*

Plaintiff raises an Eighth Amendment excessive force claim against Defendant Price. (ECF No. 1 at 3-4.)

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). "Force that is used 'maliciously and sadistically for the very purpose of causing harm' violates the Eighth Amendment." *Young v. Martin*, 801 F.3d 172, 180 (3d Cir. 2015) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). The court must consider several factors, including (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of injury inflicted, (4) the extent of the threat to

4

the safety of staff and inmates, as reasonably perceived by responsible officials based on the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The inquiry is driven "by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002). "The use of chemical agents to subdue recalcitrant prisoners is not cruel and unusual when reasonably necessary." *Gibson v. Flemming*, 837 F. App'x 860, 862 (3d Cir. 2020) (quoting *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)); *see also Passmore v. Ianello*, 528 F. App'x 144, 147 (3d Cir. 2013) (per curiam) (explaining that the use of chemical agents is not a per se constitutional violation).

Here, construing Plaintiff's complaint liberally and giving him the benefit of reasonable inferences drawn from his well-pleaded factual allegations, he alleges that Defendant Price pepper sprayed him for "non-violently" refusing to sit down in a chair when instructed to do so. It is, of course, possible that the evidence will contradict Plaintiff's allegations or establish that the use of pepper spray was reasonable and justified under the circumstances. But at this early screening stage of the litigation, Plaintiff has stated an excessive force claim against Defendant Price, and Plaintiff's Eighth Amendment claim will thus be permitted to proceed.

    **2. *Eighth Amendment Failure to Intervene***

The Complaint raises Eighth Amendment failure to intervene claims against Defendants Brown and Daniels. (ECF No. 1 at 4.)

The Third Circuit has said a "corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). A party bringing a failure-to-intervene claim must prove three

factors: "(1) the officer had a duty to intervene; (2) the officer had the opportunity to intervene; and (3) the officer failed to intervene." *Id.* at 650-51. The opportunity to intervene (factor two) must be "realistic and reasonable." *Id.* at 651. Consistent with all § 1983 claims, the plaintiff must show the state actor's personal involvement. *See Damiani v. Duffy*, 754 F. App'x 142, 146 (3d Cir. 2018) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Plaintiff fails to allege any facts that would show that Defendants Brown and Daniels had any opportunity to intervene when Defendant Price sprayed Plaintiff with pepper spray. Thus, Plaintiff has failed to state an Eighth Amendment failure to intervene claim under Section 1983. Accordingly, Plaintiff's failure to intervene claims against Defendants Brown and Daniels are dismissed without prejudice.

### 3. Free Exercise of Religion

Plaintiff alleges that prison officials discriminated against him and violated his religious freedom by placing him in lockdown when he refused to take a COVID-19 test. (ECF No. 1 at 4.) Additionally, Plaintiff claims that Defendant Brown violated his freedom of religion when he aggressively ordered Plaintiff to sit down. (*Id.*) Plaintiff construes the Complaint as raising a First Amendment free exercise of religion claim based on Plaintiff being placed in lockdown for refusing a COVID-19 test and Defendant Brown ordering Plaintiff to sit down.

The Supreme Court has recognized that the First Amendment guarantees that all prisoners must be afforded reasonable opportunities to exercise their religious freedom. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *see also O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion."). However, in order to state a plausible claim, a plaintiff must allege a "substantial burden" on the exercise. *Thomas v. Review Bd.*, 450 U.S. 707, 718

6

(1981). Moreover, while inmates retain certain protections, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone*, 482 U.S. at 348 (quotations omitted).

Plaintiff fails to state a First Amendment claim against Defendants based on him being placed in lockdown. Plaintiff has not plausibly alleged that Defendants were personally involved in the decision to place him in lockdown for refusing a COVID-19 test. Plaintiff fails to plead sufficient factual matter for the Court to infer reasonably that the Defendants were directly responsible for the alleged wrongdoing. *See Iqbal*, 556 U.S. at 676.

Plaintiff also fails to state a First Amendment claim against Defendant Brown for ordering Plaintiff to sit in a chair in his cell. Plaintiff fails to plead facts to show how being ordered to sit in a chair was a "substantial burden" on his free exercise of religion. Accordingly, the Court will dismiss Plaintiff's First Amendment claim against Defendant Brown.

## IV.   CONCLUSION

For the reasons set forth above, the Court will proceed with Plaintiff's Eighth Amendment excessive force claim against Defendant Price. The Court will dismiss the remainder of the Complaint without prejudice. An appropriate Order follows.

**DATED**: June 24, 2024

**JULIEN XAVIER NEALS**
**United States District Judge**